ROBERT R. STEVENSON, Plaintiff, *v.* NEWS SYNDICATE Co. INC., Defendant.

Supreme Court, Special Term, Westchester County, June 30, 1949.

*Townley, Updike & Carter* for defendant.

*George G. Hunter, Jr.,* for plaintiff.

SCHMIDT, J. In this action for libel the defendant moves to vacate or modify a notice of examination sought by the plaintiff of the defendant by one of its reporters named Albelli. The notice demands the following: " The matters on which said Albelli will be examined are: (1) Whether he wrote, composed, helped to write or compose, or reported or furnished information for an article appearing in all August 19, 1948, editions of the Daily News concerning Robert R. Stevenson, then Treasurer of General Foods Corporation; (2) Whether or not on or before August 18, 1948, he saw the original of or a copy or extracts from an affidavit of Grace Y. Stevenson, sworn to on July 20, 1948, and filed on July 22, 1948, with the Clerk of Special Term, Part I, of the Supreme Court of the State of New York, County of New York, in support of a motion for temporary alimony, counsel fees, to strike defenses, and for a bill of particulars in a separation action there pending entitled ' Grace Y. Stevenson vs Robert R. Stevenson ', and if so, the time, place, and circumstances thereof, together with the names and identities of any person or persons giving him access to or showing him, said affidavit or copy of extract thereof; (3) The names and identities of any person or persons with whom he spoke on or before August 18, 1948, for the purpose of obtaining information concerning details of and the facts surrounding the aforesaid separation action, and the substance of any such conversation or conversations, together with the details of any other investigation by him concerning the facts surrounding said separation action; and (4) whether or not he examined the clerk's minutes in said separation action on or before August 18, 1948, and if so, when."

The motion is granted and the notice vacated for the following reasons.

The reporter is not a proper person by whom the defendant can be examined at the present stage of the action. The reporter is not a defendant and the answer admits the publication.

The basis of the action is an alleged libel contained in articles which were based upon the affidavit of the plaintiff's wife in a matrimonial action instituted by her against the plaintiff. The affidavit was filed in court and the answer pleads fair report of a judicial proceeding. If it is a fair report it makes no difference whether it was published with or without malice. The defendant, not the plaintiff, has the burden of proving that

it was such a fair report. How the defendant obtained the information contained in the affidavit seems to be of little moment. Certainly it would not indicate malice, if the defendant merely reported what the wife had said in an affidavit filed in an action, no matter how the defendant obtained the information about or from the filed affidavit.

It was thus not the acquiring of the information by the reporter but the publishing of it by an employee or editor who, by reason of his position, had authority to decide whether the articles should be published and the headlines to be used that created the alleged libel. The malice, or reckless disregard of the plaintiff's rights, which the plaintiff wishes to establish as a basis for punitive damages, must have been the work of one having discretion of the publication of news articles. The defendant may be examined through such a person but that is not what the plaintiff has sought to do by his notice of examination.

Submit order on three days' notice.